IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JEFFREY BARLOW, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KNEW CONSCIOUS COLLECTIVE INC. AND LEAH HAGEMANN,<br><br>Defendants. | Case No.: 1:25-cv-03554<br><br>**CLASS & COLLECTIVE ACTION COMPLAINT AND DEMAND <u>FOR JURY TRIAL</u>** |

Plaintiff Jeffrey Barlow (hereinafter "Plaintiff"), by and through his attorneys, Consumer Attorneys PLLC, on behalf of himself and all others similarly situated, upon personal knowledge as to himself and upon information and belief as to other matters, respectfully brings this Complaint against Defendants Knew Conscious Collective, Inc. (hereinafter "Knew Conscious" or the "Corporate Defendant") and Leah Hagemann (hereinafter "Hagemann" or the "Individual Defendant") (the Corporate Defendant and the Individual Defendant collectively hereinafter the "Defendants") and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for their violations of the Fair Labor Standards Act, as amended (hereinafter the "FLSA") 29 U.S.C. §201 *et seq.*, and the Colorado Overtime and Minimum Pay Standards ("COMPS") Order, 7 CCR 1103-1, issued under the Colorado Minimum Wage Act ("CMWA"), C.R.S. § 8-6-101 *et seq.*, and the Colorado Wage Claim Act ("CWCA"), C.R.S. § 8-4-101 *et seq.*

2. Upon information and belief, Defendants carried out an unlawful payroll policy and practice by failing to pay Plaintiff and all others similarly situated for all hours worked as

1

required by law and, *inter alia*, misclassifying Plaintiff and others as independent contractors to evade minimum wage and/or overtime obligations.

3. Indeed, the Colorado Department of Labor and Employment's Division of Unemployment Insurance has found that Defendants misclassified Plaintiff and that Plaintiff was an employee.

4. Plaintiff has therefore commenced this action to recover unpaid wages he had been deprived of, plus interest (pre-judgment and post-judgment), liquidated damages, attorneys' fees, and costs on behalf of themselves and all others similarly situated.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it involves federal questions regarding the deprivation of Plaintiff's rights under the FLSA.

6. This Court also has diversity jurisdiction in this case pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of Rhode Island while the Defendants are both citizens of Colorado.

7. The Court also has supplemental jurisdiction over Plaintiff's related claims arising under State and local laws pursuant to 28 U.S.C. § 1367.

8. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, i.e., Plaintiff performed the work for Defendants in Denver, Colorado.

9. At all times material hereto, Plaintiff performed non-exempt duties for the benefit of Defendants in Colorado including within the city of Denver.

10. At all times relevant, Defendants engaged in interstate commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s), by having patrons visit from outside the state to attend events and purchasing equipment for events, and had annual revenues exceeding $500,000.00.

11. Plaintiff falls within the protections of the FLSA and satisfies the individual coverage requirements because Plaintiff engaged in interstate commerce to perform his duties by, *inter alia*, recruiting individuals from outside the State of Colorado for Defendants' benefit and engaging in marketing activities for the benefit of the Defendants which included individuals across state lines, as well as purchasing equipment and supplies for the benefit of Defendants at events.

## PARTIES

12. Plaintiff is an adult individual who is a resident of Newport County within the State of Rhode Island.

13. Plaintiff was employed by the Defendants in the State of Colorado during the period of August 2021 through March 2024.

14. The Corporate Defendant is a business entity organized under the laws of Colorado with a primary office located at 2350 Lawrence St, Denver, CO 80205.

15. The Individual Defendant is an adult individual residing within the State of Colorado, Boulder County, and is the principal of the Corporate Defendant.

16. At all times relevant, Defendants employed Plaintiff to perform work on behalf of Defendants within the State of Colorado.

17. At all times relevant, the Individual Defendant exercised operational control over the Corporate Defendant.

18. At all times relevant, the Individual Defendant had the power to hire and fire Plaintiff as well as set the schedule, wages, and terms & conditions of employment of Plaintiff.

19. At all times relevant, the Individual Defendant did hire, set the schedule, set the wages, and set the terms of conditions of employment of Plaintiff.

**STATEMENT OF FACTS**

20. Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not properly compensate Plaintiff for all hours worked for every workweek.

21. Plaintiff began working for Defendants in or around August 2021, initially as a staff member, later as a General Manager and worked for approximately seventy (70) hours per week.

22. During the course of his employment, Plaintiff was directed and controlled by the Defendants.

23. Plaintiff received $1,250.00 per week for seventy (70) hours of work, resulting in a derived regular rate of $17.86 per hour and an overtime rate of $26.79 per hour.

24. The overtime differential amounts to $8.93 per hour, and Plaintiff was thus not paid $267.90 per week for approximately one hundred thirty-nine (139) weeks, resulting in base unpaid overtime wages totaling at least $37,238.10 in damages.

25. At all times relevant, Defendants had actual or constructive knowledge and otherwise suffered or permitted Plaintiff to perform compensable work duties.

26. At all times relevant, Defendants had actual knowledge that they were obligated under the FLSA to track and record Plaintiff's compensable hours accurately and with precision.

27. Plaintiff, by reason of the non-payment of his wages, was then forced to stop reporting for work with Defendants after having his complaints concerning same fell on deaf ears, resulting in his constructive discharge.

28. At all times during his employment with the Defendants, Plaintiff was an exemplary employee who never received any citation or negative feedback regarding his work performances.

29. Upon information and belief, Defendants at all times during the relevant time period willfully failed to keep accurate payroll records as required by the FLSA.

30. As a result of Defendants' violation and failure to pay proper wages, Plaintiff suffered concrete harm resulting from Plaintiff's lack of pay that they should have received for his hours worked in compliance with the FLSA.

31. Furthermore, Defendants' willful failure to keep accurate records of Plaintiff's hours worked prevented Plaintiff from being able to calculate his total hours worked and determine if he was being paid in accordance with the FLSA.

32. As a result of these violations of labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount to be determined at trial.

33. Plaintiff also seeks interest (pre-judgment and post-judgment), attorneys' fees, costs, and all other legal and equitable remedies this Court deems just, equitable, and appropriate.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

34. Plaintiff bring this FLSA claim as a collective action on behalf of himself and others similarly situated who have been employed by Defendants during the full statute of limitations period (hereinafter the "FLSA Collective Members").

35. At all relevant times, Plaintiff and the FLSA Collective Members were similarly situated, had substantially similar job requirements, were paid in the same manner and under the same common policies, and were subject to Defendants' practices of: (i) failing to observe payment of the minimum wage set by the FLSA and state laws; (ii) failing to compensate Plaintiff and the FLSA Collective Members at one and one-half times (1.5) their regular rate of pay for all hours worked in excess of 40 hours in a workweek; and (iii) failing to timely pay all wages owed.

36. At all relevant times, Defendants have been fully aware of the duties performed by Plaintiff and the FLSA Collective Members, and that those duties were not exempt from the provisions of the FLSA.

37. Defendants' violations of the FLSA have been willful, repeated, knowing, intentional, and without a good faith basis, and have significantly damaged Plaintiff and the FLSA Collective Members.

38. As a result of their unlawful conduct, Defendants are liable to Plaintiff and the FLSA Collective Members for the full amount of their unpaid wages and late wages, with interest, plus an equal amount as liquidated damages, plus reasonable attorneys' fees and costs incurred by Plaintiff and the FLSA Collective Members.

39. While the exact number of the FLSA Collective is unknown to Plaintiff at this time, upon information and belief, there are approximately ten (10) individuals of the FLSA Collective Members.

40. Plaintiff is currently unaware of the identities of the individual members of the FLSA Collective Members.

41. Accordingly, the Court should require Defendants to provide Plaintiff with a list of all individuals of the proposed FLSA Collective Members, along with their last known addresses,

telephone numbers, and email addresses, so Plaintiff may provide the members of the FLSA Collective Action notice of this action and an opportunity to make an informed decision about whether to participate in it.

## CLASS ACTION ALLEGATIONS

42. Plaintiff brings this action, in part, as a class action under the Colorado Wage Claim Act ("CWCA"), C.R.S. § 8-4-101 *et seq.*, and the Colorado Minimum Wage Act ("CMWA"), C.R.S. § 8-6-101 *et seq.*, together with all applicable regulations, including the Colorado Overtime and Minimum Pay Standards ("COMPS") Order, 7 CCR 1103-1.

### A. Class Definition

43. Plaintiff seeks to maintain claims, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), on behalf of himself and a class of all other employees who have been employed by Defendants at any time during the full statute of limitations period (hereinafter the "Class").

44. Additionally, Plaintiff seeks to maintain claims, pursuant to Rule 23, on behalf of himself and a subclass of all individuals who have been employed by Defendants at any time during the full statute of limitations period (hereinafter the "Subclass").

45. Plaintiff alleges, on behalf of himself and the Class, that Defendants violated the Colorado Wage Act, C.R.S. § 8-4-101 *et seq.* and the Colorado Overtime and Minimum Pay Standards (COMPS) Order, 7 CCR 1103-1 by, *inter alia*: (i) failing to compensate Plaintiff and the Class for all hours worked at their established regular rates of pay in accordance with their agreed terms of employment; (ii) failing to compensate Plaintiff and the Class at one and one-half (1.5) times their regular rate of pay for all hours worked in excess of 40 hours in a workweek; (iii)

7

failing to timely pay all wages owed; (iv) failing to provide Plaintiff and the Class with Notices of Pay Rate; and (v) failing to furnish accurate wage statements to Plaintiff and the Class.

46. Plaintiff further alleges, on behalf of himself and the Subclass, that Defendants violated the Colorado Wage Act, C.R.S. § 8-4-101 *et seq*. and the Colorado Overtime and Minimum Pay Standards (COMPS) Order, 7 CCR 1103-1 by, *inter alia*, failing to compensate them and the Subclass at the State minimum wage for all hours worked.

47. Plaintiff, the Class, and the Subclass have standing to seek such relief because of the adverse effects that Defendants' wage practices have had on them individually and as a group.

48. The wage practices described herein are part of Defendants' normal course of conduct.

49. Pursuant to FRCP 23, Plaintiff's Colorado Wage Act and Colorado Overtime and Minimum Pay Standards (COMPS) Order claims may be pursued by all similarly situated persons who do not opt out of the Class or Subclass.

**B. Numerosity and Impracticability of Joinder**

50. The members of the Class and Subclass are so numerous that joinder is impracticable.

51. While the exact number of the members of the Class is unknown to Plaintiff at this time, upon information and belief, there are approximately ten (10) members of the Class.

52. While the exact number of the members of the Subclass is unknown to Plaintiff at this time, upon information and belief, there are approximately ten (10) members of the Subclass.

53. Therefore, the numerosity requirement of Rule 23(a) is satisfied.

**C. Common Questions of Law and Fact**

54. Common questions of law and fact, the answers to which will meaningfully advance this litigation, exist as to the Class and Subclass and predominate over any questions only affecting the members of the Class or Subclass individually.

55. Indeed, there are few, if any, purely individual issues in this action.

56. The questions of law and fact that are common to Plaintiff, the Class, and the Subclass include, without limitation:

 (a) Whether Defendants failed to pay Plaintiff and the Subclass at the State minimum wage rate;

 (b) Whether Defendants failed to pay Plaintiff and the Class for all hours worked at their regular rates of pay and in accordance with their agreed terms of employment;

 (c) Whether Defendants failed to pay Plaintiff and the Class all overtime wages owed to them;

 (d) Whether Defendants failed to timely pay Plaintiff and the Class their wages;

 (e) Whether Defendants failed to provide Plaintiff and the Class with Notices of Pay Rate;

 (f) Whether Defendants failed to furnish accurate wage statements to Plaintiff and the Class; and

 (g) Whether Plaintiff, the Class, and the Subclass are entitled to liquidated damages and injunctive relief.

57. Therefore, the common question requirement of Rule 23(a) is satisfied.

**D. Typicality of Claims and Relief Sought**

58. Plaintiff's claims are typical of the claims of the members of the Class and Subclass they seek to represent.

59. Plaintiff, the Class, and the Subclass work or have worked for Defendants, and are or were subject to the same compensation policies and practices.

60. The wage violations suffered by Plaintiff, and the damages resulting therefrom, are typical of Defendants' treatment of their Employees, generally, and of the Class and Subclass, specifically.

61. Therefore, the typicality requirement of Rule 23(a) is satisfied.

**E. Adequacy of Representation**

62. Plaintiff will fairly and adequately protect the interests of the Class and Subclass because Plaintiff's interests are coextensive and aligned with those of the members of the Class and Subclass.

63. Plaintiff has no interests adverse to the Class and Subclass they seek to represent.

64. Plaintiff is willing and able to represent the Class and Subclass fairly and vigorously, in part because they do not assert any individual claims separate and apart from the Class and Subclass he seeks to represent.

65. Plaintiff had retained competent counsel who are qualified and experienced in employment class action litigation and able to meet the demands necessary to litigate a class action of this size and complexity.

66. The combined interests, experience, and resources of Plaintiff and his counsel to competently litigate the individual and Class claims at issue in the instant action satisfy the adequacy of representation requirement of Rule 23(a).

**F. Requirements of Rule 23(b)(1)**

67. Without certification of the Class and Subclass, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.

68. Accordingly, certification of the Class and Subclass is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiff, the Class, the Subclass, and Defendants.

69. By filing this Complaint, Plaintiff preserves the rights of the members of the Class and Subclass with respect to the statute of limitations on their claims.

70. Therefore, failing to certify the Class and Subclass would substantially impair and/or impede the ability of the members of the Class and Subclass to protect their interests.

**G. Requirements of Rule 23(b)(2)**

71. Defendants acted on grounds, as described herein, generally applicable to Plaintiff, the Class, and the Subclass by denying Plaintiff and the Subclass minimum wages, and denying Plaintiff and the Class overtime wages, failing to pay them for all hours worked at their established rates of pay in accordance with their agreed terms of employment, failing to pay wages on time, and failing to provide Notices of Pay Rate and furnish accurate wage statements.

72. These acts are not sporadic or isolated and support the request for final injunctive and declaratory relief with respect to Plaintiff, the Class, and the Subclass as a whole.

73. Declaratory and injunctive relief flow directly and automatically from proof of the common questions of law and fact regarding the entitlement to, and denial of, minimum and overtime wages, wages paid at their regular rates of pay, timely payment of wages, Notices of Pay Rate and accurate wage statements.

74. Declaratory and injunctive relief are the factual and legal predicates for Plaintiff's and the Class's and Subclass's entitlement to monetary and non-monetary remedies for such wage violations.

75. Accordingly, injunctive and declaratory relief are among the predominant forms of relief sought in this case.

### H. Requirements of Rule 23(b)(3)

76. The common issues of fact and law affecting Plaintiff's claims and those of the Class and Subclass — including, without limitation, the common issues identified in the paragraphs above — predominate over issues affecting only individual claims.

77. A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's claims and those of the Class and Subclass.

78. The cost of proving Defendants' pattern and practice of denying minimum, overtime, and other wages makes it impractical for the members of the Class and Subclass to pursue their claims individually.

79. This class action will not be difficult to manage for reasons including, without limitation, the discrete organizational nature of all members of the Class and Subclass (they must have worked for Defendants as Employees during the statutory period), as well as the common questions of law and fact described herein.

### CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FLSA: MINIMUM WAGE AND OVERTIME
### (on behalf of the Plaintiff and the Collective Action Members)

80. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

81. At all times relevant hereto, Plaintiff and the Collective Action Members have been entitled to the rights, protections, and benefits provided under the FLSA (29 U.S.C. § 201 *et seq*).

82. Defendants knowingly and willfully failed to pay Plaintiff and the Collective Action Members their wages and overtime compensation for the actual hours that they worked.

83. Similarly, Defendants are liable to the Plaintiff and the Collective Action Members for associated damages pursuant to 29 U.S.C. § 206(a)(1).

84. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff has suffered damages and has incurred costs as well as reasonable attorneys' fees.

85. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255(a).

86. Because Defendants' violations of the FLSA were not the product of objective good faith or otherwise objectively excusable, Plaintiff is entitled to liquidated damages, pursuant to 29 U.S.C. § 216(b).

87. As a result of Defendants' unlawful acts, Plaintiff had been deprived of his wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and interest (pre-judgment and post-judgment).

**COUNT TWO**

**VIOLATION OF THE COLORADO MINIMUM WAGE ACT, AND THE COMPS ORDER: MINIMUM WAGE AND OVERTIME**
**(on behalf of the Plaintiff and the Class)**

88. Plaintiff, on behalf of himself and the Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

89. During the full statutory period, Plaintiff and the Class were protected by the provisions of the Colorado Minimum Wage Act ("CMWA"), C.R.S. § 8-6-101 *et seq*. and the Colorado Overtime and Minimum Pay Standards ("COMPS") Order, 7 CCR 1103-1.

90. The CMWA and COMPS require covered employers, including Defendants, to compensate employees at a rate not less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of 40 hours in a workweek and at a rate not less than one and one-half (1.5) times the applicable State minimum wage for all hours worked in excess of 40 hours in a workweek.

91. Plaintiff and the Class were not exempt from the requirement that Defendants pay them overtime under the CMWA and the COMPS, and they are entitled to be paid overtime by Defendants for all hours worked in excess of 40 hours in a workweek during the full statute of limitations period.

92. Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of failing to compensate Plaintiff and the Class at a rate not less than one and one-half times their regular rate of pay for time spent performing off-the-clock work in excess of 40 hours in a workweek.

93. As a result of Defendants' failure to compensate Plaintiff and the Class at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek, Defendants have violated the CMWA and the COMPS and/or applicable regulations thereunder.

94. Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff and the Class in accordance with the CMWA and the COMPS.

95. Defendants' violations of the CMWA and the COMPS have significantly damaged Plaintiff and the Class and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, the total amount of their unpaid wages, an additional equal amount in liquidated damages, pre-judgment interest, and attorneys' fees and costs.

## COUNT THREE
## VIOLATION OF THE COLORADO WAGE CLAIM ACT
(on behalf of the Plaintiff and the Class)

96. Plaintiff, on behalf of himself and the Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

97. At all material times, Defendants have been an "employer" within the meaning of the Colorado Wage Claim Act ("CWCA"), C.R.S. §§ 8-4-101, *et seq*.

98. As a result of the foregoing conduct, as alleged, Defendants failed to pay wages due thereby violating, and continuing to violate, the CWCA. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

99. As a result, Plaintiff and the Class have been damaged in an amount to be determined at trial.

100. Plaintiff and the Class Members are entitled to all unpaid wages under various provisions of the statute, *e.g.*, C.R.S. §§ 8-4-103, -109, -110, as well as other compensatory damages, including damages for emotional distress, and penalties.

101. To the extent this Complaint is considered a demand pursuant to C.R.S. § 8-4-109(3)(a), it is a demand for wages on behalf of Plaintiff and the Class as defined above, *i.e.*, a "demand for the payment on behalf of ... a group of similarly situated employees...."

102. Plaintiff and the Class members are also entitled to attorney's fees, costs, statutory interest, and all other relief deemed appropriate by the Court.

15

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, the FLSA Collective Members, the Class, and the Subclass, respectfully requests that the Court:

A. Declare that the practices complained of herein are unlawful under applicable Federal and State laws;

B. Grant an injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C. Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216, and direct Defendants to provide Plaintiff with a list of all members of the FLSA Collective Members, including all last known addresses, telephone numbers, and email addresses of each such person, so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

D. Designate Plaintiff as the representatives of the FLSA Collective Members, and his counsel of record as class counsel;

E. Determine the damages sustained by Plaintiff and the FLSA Collective as a result of Defendants' violations of the FLSA, and award those damages against Defendants and in favor of Plaintiff and the FLSA Collective Members, plus such pre-judgment and post-judgment interest as may be allowed by law;

F. Declare this action to be maintainable as a class action pursuant to FRCP 23, and direct Defendants to provide Plaintiff with a list of all members of the Class and Subclass, including all last known addresses, telephone numbers, and email addresses of each such person, so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

G. Designate Plaintiff as the representatives of the Class, and his counsel of record as class counsel;

H. Designate Plaintiff as the representatives of the Subclass, and their counsel of record as class counsel;

I. Determine the damages sustained by Plaintiff, the Class, and the Subclass as a result of Defendants' violations of the CMWA, the COMPS, and the CWA, and award those damages against Defendants and in favor of Plaintiff, the Class, and the Subclass, plus such pre-judgment and post-judgment interest as may be allowed by law;

J. Award Plaintiff, the FLSA Collective, the Class, and the Subclass an additional equal amount as liquidated damages because Defendants' violations were without a good faith basis;

K. Award Plaintiff, the FLSA Collective, the Class, and the Subclass their reasonable attorneys' fees and costs and disbursements in this action including, without limitation, any accountants' or experts' fees; and

L. Grant Plaintiff, the FLSA Collective, the Class, and the Subclass such other and further relief that the Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand a trial by jury on all questions of fact raised by the complaint.

RESPECTFULLY SUBMITTED this 6th day of November, 2025.

                                          **SAGE LEGAL LLC**

                                          _/s/ Emanuel Kataev, Esq._
                                          Emanuel Kataev, Esq.
                                          18211 Jamaica Avenue
                                          Jamaica, NY 11423-2327
                                          (718) 412-2421 (office)
                                          (917) 807-7819 (cellular)
                                          (718) 489-4155 (facsimile)
                                          emanuel@sagelegal.nyc

                                          *Attorneys for Plaintiff*
                                          *Jeffrey Barlow*
                                          *and all others similarly situated*