## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JEFFREY BARLOW, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KNEW CONSCIOUS COLLECTIVE INC. AND LEAH HAGEMANN,<br><br>Defendants. | **Case No.: 1:25-cv-3554 (SKC) (SP)**<br><br><br>**PLAINTIFFS' MOTION FOR SUBSTITUTED SERVICE ON <u>DEFENDANTS</u>** |

### INTRODUCTION

Plaintiff Jeffrey Barlow ("Plaintiff"), on behalf of himself and all others similarly situated, by through his attorneys, hereby requests that this Court enter an Order allowing substituted service of the Summons and Complaint on Defendants Knew Conscious Collective Inc. and Leah Hagemann (collectively hereinafter "Defendants"), pursuant to Rule 4 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or the "Rule") and Rule 4 of the Colorado Rule of Civil Procedure ("CRCP"). Plaintiff has made multiple attempts to serve Defendants, via private process server and email, and has not been able to complete personal service on them. Plaintiff's extended deadline to effectuate service all Defendants is set for today, April 3, 2026.

### <u>PROCEDURAL HISTORY</u>

#### I.    ATTEMPTS TO SERVE DEFENDANT

Plaintiff has had to make multiple efforts to serve the Defendants in this matter; in spite of same, Defendants could not be served. <u>See</u> ECF Docket Entries <u>5</u> and <u>6</u>. The supporting declaration and exhibits attached thereto show Plaintiff has made extensive efforts to serve Defendants. <u>See</u> Declaration of Emanuel Kataev, Esq. ("<u>Kataev</u> <u>Decl.</u>") in Support, Exhibit A.

1

1)    For each of the Defendants, two (2) attempts to serve process were made at 2350 Lawrence St. Denver, Colorado 80205. On their official website, Defendants have this address. We attempted to serve Defendants at this address via process server on November 24, 2025 and November 26, 2025. Id. The process server reported that this building is vacant and there is a for lease sign out front. All attempts were made by: Patrick Owen.

2)    Waiver of Service Attempts. We prepared formal Waiver of Service forms pursuant to Rule 4(d) and were prepared to submit them to the Defendants via email greg@creerlawoffice.com on December 1, 2025, an attorney who previously represented the Defendants in connection with an unemployment matter. However, Defendants refused to accept same on the basis that the business is closed, which is not a valid basis to refuse service. Moreover, Defendants were closed at the time they chose to defend the unemployment matter.

## ARGUMENT

### I.    THE COURT SHOULD EXERCISE ITS DISCRETION TO ALLOW INITIAL SERVICE BY SUBSTITUTED SERVICE

**a. The Rules and the Colorado Rules allow service by substituted service**.

Pursuant to Rule 4, Plaintiff may effect service on Defendants by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." See Fed. R. Civ. P. 4(e)(1).

Therefore, Plaintiff may utilize any form of service contemplated by the State of Colorado, which is the state in which this Court is located. Rule 4(e)(1) of the CRCP provides various bases for effectuating personal service on an individual above the age of 18:

> Upon a natural person whose age is eighteen years or older by delivering a copy thereof to the person, or by leaving a copy thereof at the person's usual place of abode, with any person whose age is

> eighteen years or older and who is a member of the person's family, or at the person's usual workplace with the person's supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent; or by delivering a copy to a person authorized by appointment or by law to receive service of process.

See CRCP § 4(e)(1). As seen in the descriptions of efforts undertaken described above, process servers have been unable to serve the Defendants, it is unknown whether there are any known family member at any residences, and efforts to serve at their usual workplace (where a designated supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent could have been served) were unavailing. Further attempts to obtain service under section (e) would be to no avail. CRCP Rule 4(f) permits substituted service, as follows:

> (f) Substituted Service. In the event that a party attempting service of process by personal service under section (e) is unable to accomplish service, and service by publication or mail is not otherwise permitted under section (g) [i.e."service by mail or publication shall be allowed only in actions affecting specific property or status or other proceedings in rem"], the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service. The motion shall state (1) the efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected. If the court is satisfied that due diligence has been used to attempt personal service under section (e), that further attempts to obtain service under section (e) would be to no avail, and that the person to whom delivery of the process is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall: (1) authorize delivery to be made to the person deemed appropriate for service, and (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery. Service shall be complete on the date of delivery to the person deemed appropriate for service.

**b. Proposed Methodology for Substitute Service.**

Plaintiff has satisfied the requirements of CRCP Rule 4(f) by providing evidence of multiple attempts made to serve Defendants. Under these circumstances, Plaintiff requests that service be deemed complete upon the effectuation of the following:

1. Emailing a copy of the summons and complaint to Defendants' counsel's last known email address: greg@creerlawoffice.com

2. Mailing a copy of the summons and complaint to Defendants at the above addresses at which service was attempted:  2350 Lawrence Street Denver, CO 80205

3. Via Publication, pursuant to Colorado Rule 4(g), if also found warranted by the court. If this is a desired method, Plaintiff would submit a Notice of Service to be published by the Denver Post, that would include "the sum of money or other relief demanded" as required by Colorado Rule 4(c).

These methods of substitute service are reasonable under the circumstance. See JDK LLC v. Ronald K. Hodge, *et al.*, 15-cv-00494-NYW (D. Colo. May 22, 2015) (authorizing substituted service by mail after several unsuccessful service attempts); Wagner v. Williams, Scott & Assocs. LLC, 12-cv-00104-MSK-MJW (D. Colo. Mar 14, 2012). Counsel for Plaintiff believes that notice by publication is less likely to result in actual notice but has been approved for extreme situations such as the one at bar, and therefore is proper as a method of last result.  Accordingly, Plaintiff respectfully requests that alternative service be permitted by sending the summons and complaint via email to Defendants' counsel and via first class mail to Defendants' last known address.

RESPECTFULLY SUBMITTED this 3rd day of April 2026.

**SAGE LEGAL LLC**

_/s/ Emanuel Kataev, Esq.____
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Jeffrey Barlow*
*and all others similarly situated*