## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

JEFFREY BARLOW, on behalf of himself and
all others similarly situated,

              Plaintiff,

v.

KNEW CONSCIOUS COLLECTIVE INC.
AND LEAH HAGEMANN,

              Defendants.

**Case No.: 1:25-cv-3554 (SKC) (SP)**

**PLAINTIFF'S RENEWED MOTION
FOR SUBSTITUTED SERVICE ON
<u>DEFENDANTS</u>**

## INTRODUCTION

Plaintiff Jeffrey Barlow ("Plaintiff"), on behalf of himself and all others similarly situated, by through his attorneys, hereby responds to this Court's Order to show cause dated May 26, 2026 and respectfully requests that this Court enter an Order allowing substituted service of the Summons and Complaint on Defendants Knew Conscious Collective Inc. (the "Corporate Defendant") and Leah Hagemann (the "Individual Defendant") (collectively hereinafter "Defendants"), pursuant to Rule 4 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") and Rule 4 of the Colorado Rule of Civil Procedure (hereinafter referred to as the "Colorado Rules" or "Colorado Rule"). Plaintiff has made multiple attempts to serve Defendants, via process server and email, and has not been able to complete personal service on them. Despite making additional attempts to serve the Defendants, Plaintiff has been unable to personally serve them and, despite their knowledge and awareness of the lawsuit, Defendants have refused to appear. To the extent that this Court relies on the law-of-the-case doctrine, or otherwise, in adhering to its prior Order denying the relief requested herein, Plaintiff respectfully requests relief from that Order pursuant to Rule 60(b)(6) for good cause shown as outlined herein.

It would be unjust to deny the relief requested given the running statute of limitations.

## **PROCEDURAL HISTORY**

### I.    ATTEMPTS TO SERVE DEFENDANT

Plaintiff has had to make multiple efforts to serve the Defendants in this matter; in spite of same, Defendants could not be served. See ECF Docket Entries 5 and 6. Supporting declaration and exhibits attached hereto, Plaintiff has made further extensive efforts to serve Defendants.

1)    For each of the Defendants, two (2) attempts to serve process were initially, via process server, on November 24, 2025 and November 26, 2025, at 2350 Lawrence St. Denver, Colorado 80205. On their official website, Defendants have this address. Id. The process server reported that this building is vacant and there is a for lease sign out front. All attempts were made by: Patrick Owen.  See ECF Docket Entries 5 and 6.

2)    Two (2) further attempts to serve process upon the Individual Defendant were made, via process server, on May 30, 2026 and June 4, 2026, at the Individual Defendant's home at 1153 Portland Place, Apt. 2, Boulder, CO 80304. The process server reported on both dates that there was no answer at the door of the unit.  See copy of affidavit of diligence annexed hereto as **Exhibit "A."**

3)    Two (2) further attempts to serve process upon the Corporate Defendant were made, via process server, on June 1, 2026 and June 8, 2026, at the Corporate Defendant's home at 1153 Portland Place, Apt. 2, Boulder, CO 80304. The process server reported on June 1st that "[t]he CO Secretary of State does not accept service on behalf of registered CO entities," and on June 8th that it was "Returned Not Served" on the Corporate Defendant.  See copy of affidavit of diligence annexed hereto as **Exhibit "B."**

2

4)      Waiver of Service Attempts. We prepared formal Waiver of Service forms pursuant to Rule 4(d) and were prepared to submit them to the Defendants via email greg@creerlawoffice.com on December 1, 2025. However, Defendants refused to accept same. See ECF Docket Entry 10-3.

5)      We cannot make additional service attempts because we have attempted to do so upon both Defendants, to no avail, and due to the costs associated with same.

## ARGUMENT

**I.      THE COURT SHOULD EXERCISE ITS DISCRETION TO ALLOW INITIAL SERVICE BY SUBSTITUTED SERVICE**

**a.  The Rules and the Colorado Rules allow service by substituted service**.

Pursuant to Rule 4(e)(1), Plaintiff may effect service on Defendants by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Therefore, Plaintiff may utilize any form of service contemplated by the State of Colorado, which is the state in which this Court is located. Rule 4(e)(1) of the Colorado Rules, provides various bases for effectuating personal service on an individual above the age of 18: "Upon a natural person whose age is eighteen years or older by delivering a copy thereof to the person, or by leaving a copy thereof at the person's usual place of abode, with any person whose age is eighteen years or older and who is a member of the person's family, or at the person's usual workplace with the person's supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent; or by delivering a copy to a person authorized by appointment or by law to receive service of process."

As seen in the descriptions of efforts undertaken described above, process servers have been unable to serve either Defendants, it is unknown whether there are any known family member

at any residences, and efforts to serve at their usual workplace (where a designated supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent could have been served) was unavailing. Further attempts to obtain service under section (e) would be to no avail.

In Rule 4(f) of the Colorado Rules, substituted service is permitted, as follows:

> (f) Substituted Service. In the event that a party attempting service of process by personal service under section (e) is unable to accomplish service, and service by publication or mail is not otherwise permitted under section (g) [i.e."service by mail or publication shall be allowed only in actions affecting specific property or status or other proceedings in rem"], the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service. The motion shall state (1) the efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected. If the court is satisfied that due diligence has been used to attempt personal service under section (e), that further attempts to obtain service under section (e) would be to no avail, and that the person to whom delivery of the process is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall: (1) authorize delivery to be made to the person deemed appropriate for service, and (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery. Service shall be complete on the date of delivery to the person deemed appropriate for service.

**b. Proposed Methodology for Substitute Service.**

Plaintiff has satisfied the requirements of Rule 4(f) of the Colorado Rules by providing evidence of multiple attempts made to serve Defendants. Under these circumstances, Plaintiff requests that service be deemed complete upon the effectuation of the following:

1. Emailing a copy of the summons and complaint to Defendants' last known email address: greg@creerlawoffice.com

2. Mailing a copy of the summons and complaint to Defendants at the above addresses at which service was attempted:  2350 Lawrence Street Denver, CO 80205

3. Via Publication, pursuant to Colorado Rule 4(g), if also found warranted by the court. If this is a desired method, Plaintiff would submit a Notice of Service to be published by the Denver Post, that would include "the sum of money or other relief demanded" as required by Colorado Rule 4(c).

4. Alternative service, pursuant to Rule 4(e)(1) and Rule 4(f) of the Colorado Rules, by means reasonably calculated to provide Defendant with actual notice of this action, including service by text message, or such other method as the Court deems just and proper.

These methods of substitute service are reasonable under the circumstance. See JDK LLC v. Ronald K. Hodge, et al., 15-cv-00494-NYW (D. Colo. May 22, 2015) (authorizing substituted service by mail after 5 unsuccessful service attempts); Wagner v. Williams, Scott & Assocs. LLC, 12-cv-00104-MSK-MJW (D. Colo. Mar 14, 2012); Clarke v. Regions Home Improvement Fin., Civil Action No. 1:25-cv-01665-SBP, 2025 U.S. Dist. LEXIS 251861, at *13 n.1 (D. Colo. Dec. 5, 2025) ("Other courts likewise have approved multi-pronged alternative methods incorporating electronic communication, including email, social media, and messaging, where traditional proved impracticable and the electronic channels were shown to reach the defendant") (internal citations omitted). Counsel for Plaintiff believes that notice by publication is less likely to result in actual notice but has been approved for extreme situations such as the one at bar, and therefore is proper as a method of last result.

Plaintiff recognizes that this Court previously denied the relief requested herein because the Court found that there have not been diligent enough attempts to serve the Defendants. However, in the interests of justice, this Court should vacate its prior decision pursuant to Rule 60(b)(6) because the effect of denial is far more prejudicial to Plaintiff than granting the instant renewed motion for substitute service. If denied, Plaintiff will be forced to refile and run into the same stumbling block of attempting to serve the Defendants, incurring the cost of filing fees and additional service-related costs, only to then make the same motion for substitute service due to the Defendants' deliberate ducking of service as demonstrated by Plaintiff's efforts to serve.

It must be underscored that Defendants are fully aware of this lawsuit and are purposefully hiding from being served to avoid having to appear. The result of denial of this motion would therefore be unjust for this reason alone.

However, there exists an additional ample reason to grant the instant renewed motion in the interests of justice. This is because, should Plaintiff's motion be denied and he be forced to file a new lawsuit, he will lose potential damages to be recovered based on the statute of limitations, as the Fair Labor Standards Act has a two (2) year statute of limitations, which is increased to three (3) years for willful violations. Here, where Plaintiff worked for Defendants from March 2021 through March 2024, and this lawsuit having been filed on November 6, 2025, Plaintiff has already lost the ability to recover for the period of August 2021 through November 6, 2022. Being required to file a new lawsuit will only further erode his claims, shaving his claims from November 6, 2022 through June 2023, an additional seven (7) months.

In order to effectuate alternative service, Plaintiff respectfully seeks an appropriate extension of time of sixty (60) days to do so pursuant to Rule 4(m).

Accordingly, Plaintiff's renewed motion for alternative service and to vacate this Court's prior decision denying the relief requested herein in the interests of justice, as well as an extension of time of sixty (60) days to effectuate alternative service.

Plaintiff thanks this honorable Court for its time and attention to this case.

RESPECTFULLY SUBMITTED this 9th day of June 2026.

**SAGE LEGAL LLC**

 _/s/ Emanuel Kataev, Esq.___
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Jeffrey Barlow*
*and all others similarly situated*