## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv—03554-SKC-SBP

JEFFREY BARLOW, on behalf of himself and all others similarly situated,

     Plaintiff

vs.

KNEW CONSCIOUS COLLECTIVE INC. ., a dissolved Colorado nonprofit corporation, and LEAH HAGEMANN, an individual

     Defendants.

_____

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)

_____

Defendants Knew Conscious Collective Inc. ("Knew Conscious") and Leah Hagemann ("Hagemann"), by and through counsel, respectfully submit this Reply in Support of their Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and state as follows:

### I.     PRELIMINARY STATEMENT

Plaintiff's Response confirms rather than cures the pleading deficiencies identified in Defendants' Motion. Instead of pointing to well-pleaded factual allegations contained in the Complaint, Plaintiff relies primarily on legal argument, speculation regarding what discovery might reveal, and assertions that are absent from the Complaint itself.

As an initial matter, Plaintiff's contention that Defendants "waived any defenses related to service" is entirely irrelevant. Defendants did not move to dismiss for insufficient service under Rule 12(b)(5). Rather, Defendants moved to dismiss under Rules 12(b)(1) and 12(b)(6) because

1

Plaintiff has failed to plead the fundamental statutory prerequisites to state a claim under the Fair Labor Standards Act ("FLSA").

On the substance, Plaintiff's Response confirms that his claims lack factually sufficient allegation and rest on a desire to conduct discovery to find facts to support his claims, rather than on existing facts that Plaintiff can actually allege now to make his claim plausible. Dismissal is required.

## II. ARGUMENT

### A. Plaintiff Confesses He Lacks Facts to Support FLSA Enterprise Coverage

To establish enterprise coverage, a plaintiff must plausibly allege that the employer has an annual gross volume of sales or business done of at least $500,000. Rather than pointing to any factual allegations in the Complaint to satisfy this threshold, Plaintiff openly admits in his Response that the $500,000 requirement "can only be proven with discovery from Defendants". (Plaintiff's Response, pg. 3) Plaintiff does not identify any facts that he believes exist but could plead if granted leave to amend. Instead, Plaintiff asks the Court to permit discovery in the hope that supporting facts may later emerge. Rule 8 does not permit that approach.

That concession is dispositive. Rule 8 requires Plaintiff to plead facts making his entitlement to relief plausible before obtaining discovery. Under *Bell Atlantic Corp. v. Twombly* 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), courts have repeatedly rejected the notion that a plaintiff may file a case first and then search for supporting facts later. Because Plaintiff acknowledges that he cannot presently allege facts supporting the statutory revenue threshold, the Complaint fails to plausibly plead enterprise coverage.

Furthermore, Plaintiff argues that Knew Conscious constitutes an FLSA-covered enterprise because it operated a nonprofit venue and used telephones, social media, and the internet. Those allegations, even if accepted as true, do not plausibly establish enterprise coverage absent factual allegations demonstrating interstate commercial activity or satisfaction of the statutory revenue threshold. Those allegations, without additional factual allegations demonstrating interstate commercial activity or interstate business operations, do not plausibly establish enterprise coverage.

Plaintiff's response makes it clear that Plaintiff is asking this Court to presume that facts necessary for enterprise coverage will later be found, even though Plaintiff cannot even articulate

2

what those facts might be right now. This does not meet the plausibility standard to defeat a motion to dismiss as conclusionary and general allegations are not sufficient to nudge his claim across the line from conceivable to plausible. *See Robbins v. Okla. ex rel. Dep't of Human Servs*., 519 F.3d 1242, 1247 (10th Cir. 2008).

**B. Incidental Use of a Telephone and Social Media Does Not Establish Individual Coverage**

Plaintiff argues that his employment as a General Manager is covered under the FLSA because he used a telephone and posted on social media. Plaintiff reads the cited authorities far more broadly than they permit.

While individual coverage may apply to employees who "regularly and recurrently use an instrument of interstate commerce," *Reagor v. Okmulgee Cty. Family Res. Ctr., Inc.*, 501 F. App'x 805, 809 (10th Cir. 2012), such use must be direct, regular, and central to the employee's duties—not incidental. Plaintiff identifies no allegation that he regularly handled interstate transactions, processed interstate orders, shipped goods across state lines, or otherwise participated directly in the channels of interstate commerce. Plaintiff's interpretation would effectively extend individual FLSA coverage to virtually every employee who uses a telephone, email, or social media as part of his or her job, a result not supported by the authorities on which Plaintiff relies.

Plaintiff's alleged occasional use of the telephone and social media to communicate with local patrons or promote local events is precisely the kind of isolated or incidental contact that does not establish individual coverage. Plaintiff alleges no facts showing that Knew Conscious was regularly engaged in interstate commerce, and his use of a telephone or social media as General Manager does not, by itself, transform his local duties into interstate commerce.

**C. Plaintiff Relies on Empty, Group-Pleaded Conclusions to Target Leah Hagemann**

To state an FLSA claim against Leah Hagemann individually, Plaintiff must allege specific facts demonstrating her operational control under the economic realities test. The Complaint attributes nearly every allegation collectively to 'Defendants' without distinguishing what actions were allegedly taken by Knew Conscious versus Ms. Hagemann individually. Such undifferentiated group pleading does not satisfy Rule 8 where individual liability depends upon specific factual allegations concerning operational control. The absence of defendant-specific

factual allegations is particularly significant because individual liability under the FLSA depends upon the individual's own conduct and authority, not merely her job title. In his Response, Plaintiff simply points back to the Complaint and recites the exact legal factors of the test.

Parroting the legal elements—alleging generally that Hagemann had the power to hire, fire, and set schedules—is the exact type of "formulaic recitation" that *Twombly* and *Iqbal* forbid. Plaintiff provides no specific, real-world facts. He does not allege in the Complaint or in his response a single conversation, payroll decision, or specific action taken by Hagemann that would satisfy the economic realities test. The claim against her must be dismissed.

### D. Collective and Prospective Claims Against a Dissolved Entity Are Futile

Plaintiff argues that under Colorado law, a dissolved corporation can still be sued to wind up its affairs. While Colorado Revised Statutes § 7-114-105 permits a dissolved corporation to discharge liabilities, Plaintiff completely ignores the practical and legal impossibility of his collective action and prospective claims.

Knew Conscious has ceased all operations, has no employees, and has no ongoing business. Therefore, Plaintiff's demands for prospective injunctive relief and collective action administration are moot. Although dissolution does not extinguish accrued claims, the cessation of Knew Conscious's operations substantially undermines Plaintiff's request for prospective relief and further illustrates the speculative nature of any request for collective treatment. Although accrued claims may survive dissolution, Plaintiff has alleged no facts demonstrating that prospective relief or collective treatment remains appropriate following the cessation of Knew Conscious's operations.

### E. The Court Should Decline Allowing Plaintiff to Replead

Plaintiff requests leave to amend his Complaint in the event of dismissal. However, the Court should deny leave when amendment would be futile.

Plaintiff has now filed both a Complaint and a detailed Response. Rather than identify additional facts that could cure the pleading deficiencies, Plaintiff instead argues that discovery is necessary to determine whether those facts exist. Under *Twombly* and *Iqbal*, discovery is not a substitute for plausible factual allegations. Plaintiff gives no indication that any amendment

would be able to cure the factual deficiencies. Because Plaintiff identifies no additional facts that could cure these deficiencies, leave to amend should be denied as futile.

## III.    REQUEST FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court **GRANT** Defendants' Motion to Dismiss, dismiss Plaintiff's FLSA claims pursuant to Rule 12(b)(6), decline to exercise supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(c)(3), and award such other and further relief as the Court deems just and proper. To the extent the Court concludes amendment would be futile, Defendants respectfully request that dismissal of the FLSA claims be with prejudice.

Dated July 15, 2026.

Respectfully submitted,
CREER LAW LLC
By: /s *Gregory R. Creer*
Gregory R. Creer
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of July, 2026, I electronically filed the foregoing DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6) with the Clerk of the Court utilizing the CM/ECF system which will send notification of such filing to the parties and their counsel of record as registered thereon:

Emanuel Kataev, Esq.
SAGE LEGAL LLC
18211 Jamaica Avenue
Jamaica, NY  11423
Email: emanuel@sagelegal.nyc

/s Gregory R. Creer

5