## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv—03554-SKC-SBP

JEFFREY BARLOW, on behalf of himself and all others similarly situated,

     Plaintiff

vs.

KNEW CONSCIOUS COLLECTIVE INC., a dissolved Colorado nonprofit corporation, and
LEAH HAGEMANN, an individual

     Defendants.

_____

## DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)

_____

Defendants Knew Conscious Collective Inc. ("Knew Conscious") and Leah Hagemann ("Hagemann"), by and through counsel, move to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and state as follows:

CERTIFICATE OF CONFERRAL: Counsel conferred regarding this motion via email on June 18, 2026. Plaintiff's counsel opposes this motion.

### I.     PRELIMINARY STATEMENT

Plaintiff attempts to invoke federal wage jurisdiction through conclusory allegations that Defendants constituted an FLSA-covered enterprise and engaged in interstate commerce. But the Complaint alleges virtually no facts supporting those conclusions.

The Complaint does not identify the nature of any interstate transactions, describe any employee activity constituting interstate commerce, explain the basis for alleging annual

1

business volume exceeding $500,000, or plead facts showing Plaintiff himself regularly engaged in interstate commerce.

Instead, Plaintiff relies largely on statutory language and generalized assertions.

Those allegations are insufficient under the *Twombly* and *Iqbal* standards.

Additionally, Plaintiff seeks to impose personal liability on Leah Hagemann through generalized allegations of authority and operational involvement without factual allegations showing employer status under the economic-realities test.

Accordingly, the Complaint fails to state a plausible federal claim and should be dismissed under Rule 12(b)(6). To the extent the Court determines that jurisdictional facts may properly be considered separately from the merits, dismissal under Rule 12(b)(1) is alternatively appropriate.

## II.    LEGAL STANDARD

### A. Rule 12(b)(1) Subject Matter Jurisdiction

Challenges to subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) take two forms: facial or factual. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). Where a motion challenges the underlying facts upon which federal jurisdiction rests, "a district court may not presume the truthfulness of the complaint's factual allegations" and possesses "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002); *see also Garza v. W. Stone of Lyons, LLC*, (D. Colo. 2015).

When a jurisdictional element is intertwined with the substantive merits of a federal claim, the Court may properly analyze the deficiency under Rule 12(b)(6) for failure to state a claim. *Id.*; *see also Holt*, 46 F.3d at 1003.

### B. Rule 12(b)(6) Failure to State a Claim

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the Court accepts well-pleaded factual allegations

as true, this leniency does not extend to legal conclusions, bare labels, or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Tenth Circuit has made clear that the "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The complaint must provide a reasonable basis to believe *this* specific plaintiff can muster factual support for their claims. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

## III.    RELEVANT ALLEGATIONS

Plaintiff alleges:

1.  Defendants violated the FLSA and Colorado wage laws;
2.  Defendants engaged in interstate commerce because patrons allegedly attended events from outside Colorado and because equipment was purchased for events;
3.  Defendants allegedly exceeded $500,000 in annual revenues; and
4.  Plaintiff allegedly performed recruiting and marketing activities involving individuals outside Colorado.

Complaint ¶¶ 1–11.

## IV. ARGUMENT

### A. Plaintiff Fails to Plausibly Allege FLSA Enterprise Coverage

To invoke federal jurisdiction via FLSA enterprise coverage, a plaintiff must plausibly allege that the employer: (1) has employees engaged in commerce or the production of goods for commerce, and (2) maintains an annual gross volume of sales or business done of not less than $500,000. 29 U.S.C. § 203(s)(1)(A).

Plaintiff's Complaint fails on both prongs:

1.  **Insufficient Allegations of Interstate Activity:** Plaintiff alleges that individuals from outside Colorado attended events and that equipment was acquired from outside Colorado. Even accepting those allegations as true, the Complaint does not allege facts showing that employees themselves engaged in interstate commerce or that Knew Conscious operated an interstate enterprise within the meaning of the FLSA. The Complaint contains no allegations regarding interstate transactions, interstate employee

<center>3</center>

duties, shipment of goods by employees, or ongoing interstate business activity. Attendance by out-of-state patrons and ordinary purchases, without more, do not plausibly establish enterprise coverage.

Defendants dispute Plaintiff's characterization of Knew Conscious's operations and submit the Declaration of Leah Hagemann for context regarding Knew Conscious's local operations.

2. **No Factual Basis for Revenue Threshold:** Plaintiff merely parrots the statutory $500,000 threshold without pleading a single supporting fact. Plaintiff alleges the statutory revenue threshold only upon information and belief and without identifying supporting facts regarding revenues, operations, accounting records, membership volume, commercial activity, or any basis for the assertion.

Because Plaintiff provides nothing more than unadorned, "information and belief" statutory recitations, enterprise coverage cannot stand. Courts routinely reject pleadings that merely restate statutory elements without factual enhancement.

Accordingly, Plaintiff fails to plausibly plead enterprise coverage.

## B. Plaintiff Fails to Plead Individual FLSA Coverage

Failing enterprise coverage, Plaintiff attempts to establish individual coverage by asserting he engaged in out-of-state marketing and recruitment. This argument misinterprets the law. Individual FLSA coverage requires direct, regular, and substantial participation in interstate commerce—not isolated or incidental contacts.

The Complaint is completely silent regarding:

- The frequency, nature, or substance of the alleged interstate communications;
- Any actual interstate commercial transactions or shipment of goods; or
- How Plaintiff's tasks directly integrated into the channels of interstate commerce.

Vague references to "marketing" do not meet the *Twombly/Iqbal* threshold for individual coverage, requiring dismissal of the FLSA claim.

## C. The Complaint Fails to State a Plausible Claim Against Leah Hagemann Individually

The Complaint also fails to allege facts establishing individual liability.

To state an FLSA claim against an individual defendant, Plaintiff must plead facts supporting employer status under the economic-realities analysis, including allegations regarding operational control over employment decisions and wage practices.

4

The Complaint contains only generalized assertions that Ms. Hagemann exercised authority and operational control. These are legal conclusions, not facts.

Such conclusory allegations are insufficient.

The Complaint does not allege any facts showing Ms. Hagemann:

- hired or fired Plaintiff;

- controlled schedules or conditions of employment;

- determined compensation;

- maintained employment records; or

- exercised day-to-day authority over wage practices.

Moreover, Defendants dispute any contention that Ms. Hagemann exercised such authority and submit the Declaration of Leah Hagemann addressing her limited role. (See Declaration of Leah Hagemann).

The Complaint simply lacks any facts that would make Ms. Hagemann personally liable for the alleged claims.

**D. Knew Conscious is Dissolved, Rendering Prospective and Collective Claims Moot**

Knew Conscious has dissolved and ceased all operations. (See Declaration of Leah Hagemann). Although dissolution does not itself eliminate accrued claims, Plaintiff's requests for collective treatment and any forward-looking relief are unsupported absent allegations demonstrating ongoing operations, existing employees, or a continuing enterprise.

**E. The Court Should Decline Supplemental Jurisdiction Over the State-Law Claims**

Because Plaintiff's sole federal claims fail as a matter of law, no independent basis for federal subject matter jurisdiction remains. Pursuant to 28 U.S.C. § 1367(c)(3), this Court should decline to exercise supplemental jurisdiction over the remaining Colorado state-law claims and dismiss them without prejudice.

**V.    REQUEST FOR RELIEF**

WHEREFORE, Defendants respectfully request that the Court:

A. Dismiss Plaintiff's FLSA claims pursuant to Rule 12(b)(6), or alternatively Rule 12(b)(1);

B. Dismiss Plaintiff's claims against Leah Hagemann with prejudice;

C. Decline supplemental jurisdiction over the state-law claims and dismiss them without prejudice;

5

D. Strike the collective action allegations; and

E. Award such other relief as the Court deems proper.

<div style="margin-left: 45%;">

Respectfully submitted,
CREER LAW LLC
By: */s/ Gregory R. Creer*_____
Gregory R. Creer
Attorney for Defendants

</div>

<div style="text-align:center;">

**<u>CERTIFICATE OF SERVICE</u>**

</div>

I hereby certify that on this 15th day of July, 2026, I electronically refiled the foregoing DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6) with the Clerk of the Court utilizing the CM/ECF system which will send notification of such filing to the parties and their counsel of record as registered thereon:

Emanuel Kataev, Esq.
SAGE LEGAL LLC
18211 Jamaica Avenue
Jamaica, NY  11423
Email: emanuel@sagelegal.nyc

<div style="margin-left: 45%;">

/s Gregory R. Creer___

</div>

6