**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 1:25-cv-3554 (SKC) (SBP)**

JEFFREY BARLOW, on behalf of himself and all others similarly situated,

Plaintiff,

v.

KNEW CONSCIOUS COLLECTIVE INC. and LEAH HAGEMANN,

Defendants.

---

**Civil Action No. 1:26-cv-375 (SKC) (SBP)**

NAVA MCBEE, on behalf of herself and all others similarly situated,

Plaintiff,

v.

KNEW CONSCIOUS COLLECTIVE INC. and LEAH HAGEMANN,

Defendants.

---

**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE**
**WHY THESE ACTIONS SHOULD NOT BE CONSOLIDATED**

---

Plaintiff Jeffrey Barlow (hereinafter "Barlow") and Plaintiff Nava McBee (hereinafter "McBee") (Barlow and McBee collectively hereinafter the "Plaintiffs"), by and through their undersigned counsel, respectfully submit this response to the Court's Orders to Show Cause entered October 23, 2026 (Barlow Docket Entry 23; McBee Docket Entry 16) (collectively hereinafter the "OSC") directing the parties to show cause why Barlow v. Knew Conscious Collective Inc., No. 1:25-cv-3554 (SKC) (SBP) (hereinafter the "Barlow Action"), and McBee v.

Knew Conscious Collective Inc., No. 1:26-cv-375 (SKC) (SBP) (hereinafter the "McBee Action"), should not be consolidated.

**PRELIMINARY STATEMENT**

Plaintiffs acknowledge that both actions name the same Defendants, Knew Conscious Collective Inc. (hereinafter "KCC") and Leah Hagemann (hereinafter "Hagemann") (KCC and Hagemann collectively hereinafter the "Defendants"), and that a few threshold questions, such as KCC's annual gross volume of sales, overlap.

Beyond that, the actions involve two different workers, two different jobs, two different pay arrangements, two different periods, two different sets of claims, and, most importantly, two different sets of defenses.

Defendants themselves have told this Court that McBee's case rests on "individualized job duties, individualized hours, individualized compensation arrangements, individualized complaints regarding pay, and individualized communications with management" (McBee Docket Entry 9 at 6), and that, "[u]nlike the Complaint in Barlow," McBee relies on "website administration and digital communications" (id. at 5).

A consolidated proceeding, and above all a consolidated jury trial, would place before a single jury Defendants' Barlow-specific attacks on Barlow's classification, title, and conduct alongside McBee's distinct wage and retaliation claims, inviting exactly the confusion and spillover prejudice that Rule 42 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") exists to prevent.

Plaintiffs therefore respectfully submit that the actions should not be consolidated, and state below the limited coordination of discovery to which they would not object.

## RELEVANT BACKGROUND

### A. The Barlow Action

Barlow commenced his action on November 6, 2025 (Barlow Docket Entry 1).

Barlow worked for Defendants from in or around August 2021, initially as a staff member and later as a General Manager, for approximately seventy (70) hours per week, and was paid $1,250.00 per week (id. ¶¶ 21, 23).

Barlow seeks unpaid overtime of at least $37,238.10 over approximately one hundred thirty-nine (139) weeks, pleads constructive discharge, and asserts claims under the Fair Labor Standards Act (hereinafter the "FLSA"), the Colorado Minimum Wage Act and Colorado Overtime and Minimum Pay Standards Order (hereinafter "COMPS"), and the Colorado Wage Claim Act (hereinafter the "CWCA") (id. ¶¶ 24, 27).

Barlow's complaint also relies upon a determination by the Colorado Department of Labor and Employment (hereinafter "CDLE") that Defendants misclassified him (id. ¶ 3), which arose from a contested proceeding involving Barlow alone (Declaration of Emanuel Kataev (hereinafter "Kataev Decl.") ¶¶ 5-7, Exhibits 1 and 2).

### B. The McBee Action

McBee commenced her action on January 30, 2026 (McBee Docket Entry 1).

McBee worked for Defendants from in or around May 2023 as a lead web developer and venue security, at agreed rates of $20.00 per hour for non-developer duties and $30.00 per hour for developer duties, for approximately sixty (60) hours per week, but was paid approximately $600.00 per week (id. ¶¶ 21, 23).

McBee seeks base unpaid wages of at least $58,500.00 over approximately thirty-nine (39) weeks (id. ¶ 24).

McBee alleges that she complained about her pay between December 2023 and early February 2024, and that Defendants locked her out of her company email and website development tools on or about March 10, 2024 (id. ¶¶ 27-28).

McBee accordingly asserts two claims that do not exist in the Barlow Action: retaliation under the FLSA, 29 U.S.C. § 215(a)(3), and retaliation under the CWCA, C.R.S. § 8-4-120 (McBee Docket Entry 1, Counts Four and Five).

**C. Procedural Posture**

Defendants were served in both actions on June 9, 2026, and moved to dismiss both complaints on June 22, 2026 (Barlow Docket Entries 16, 20; McBee Docket Entry 9).

Those motions are fully briefed and remain *sub judice*; no answer has been filed, no scheduling order has entered, and no discovery has taken place in either action (Barlow Docket Entries 17-18; McBee Docket Entries 10-11; Kataev Decl. ¶ 3).

At an August 4, 2026 status conference in the McBee Action, the Hon. N. Reid Neureiter, U.S.M.J. ("Judge Neureiter") declined to enter a scheduling order and stated, for reasons given on the record, that he would recommend consolidation with the Barlow Action (McBee Docket Entry 13).

No written recommendation issued, the McBee Action was reassigned to this Court under D.C.COLO.LCivR 40.1 the next day, and no party has moved to consolidate under D.C.COLO.LCivR 42.1 (McBee Docket Entries 14-15; Kataev Decl. ¶ 4).

# ARGUMENT

## POINT I

## CONSOLIDATION IS A MATTER OF DISCRETION IN WHICH CONVENIENCE AND ECONOMY MUST YIELD TO THE RIGHT TO A FAIR AND IMPARTIAL TRIAL.

Rule 42(a) permits, but never requires, consolidation of actions that "involve a common question of law or fact." Whether to consolidate rests in the Court's sound discretion. See Shump v. Balka, 574 F.2d 1341, 1344 (10th Cir. 1978); see also Gillette Motor Transp., Inc. v. N. Okla. Butane Co., 179 F.2d 711, 712 (10th Cir. 1950); Harris v. Ill.-Cal. Express, Inc., 687 F.2d 1361, 1368 (10th Cir. 1982).

The Rule's objective is to dispatch the Court's business "with expedition and economy while providing justice to the parties." See Breaux v. Am. Family Mut. Ins. Co., 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. Wright & A. Miller, Federal Practice & Procedure § 2381).

The existence of a common question is only the threshold; the Court must weigh any savings against "the specific risks of prejudice and possible confusion," because "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial." See Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir. 1990); accord Arnold v. E. Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982); see also Cantrell v. GAF Corp., 999 F.2d 1007, 1011 (6th Cir. 1993); Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985).

Courts also place the burden on the proponent of consolidation to show that it is warranted. See Servants of the Paraclete, Inc. v. Great Am. Ins. Co., 866 F. Supp. 1560, 1572 (D.N.M. 1994).

Critically, even when ordered, consolidation does not merge the actions into one; each retains its separate identity, its own pleadings, and its own judgment. See Hall v. Hall, 584 U.S. 59, 76-77 (2018).

## POINT II

## THE ACTIONS SHOULD NOT BE CONSOLIDATED BECAUSE DEFENDANTS HAVE RAISED, AND WILL RAISE, MATERIALLY DIFFERENT DEFENSES TO EACH PLAINTIFF.

### A. Defendants' Defenses to Barlow Are Unique to Barlow

Defendants contend that Barlow, as "General Manager," used the telephone and social media only incidentally, and they dispute coverage on that basis (Barlow Docket Entry 18 at 3).

Barlow's managerial title and fixed weekly pay invite an executive or administrative exemption defense under 29 C.F.R. §§ 541.100, 541.200, and 541.600, and the parallel COMPS exemptions, none of which can apply to McBee's hourly web development and security work.

Defendants contested Barlow's employee status before the CDLE, contending that KCC converted him from a W-2 employee to a contractor paid a flat rate of $2,500.00 biweekly, and the hearing officer rejected that contention after a two-day evidentiary hearing involving Barlow alone (Kataev Decl. ¶¶ 5-6, Exhibit 1 at 2, 6).

Whether, and to what extent, the CDLE findings may be used in this litigation presents a further Barlow-only dispute under C.R.S. § 8-74-108.

During the CDLE proceeding, Defendants also leveled accusations of financial misconduct and record destruction against Barlow personally, which Barlow denies and which have nothing to do with McBee (Kataev Decl. ¶ 7).

Because Barlow's employment began in August 2021, Defendants may also assert that part of his FLSA claim falls outside the two-year and three-year limitations periods of 29 U.S.C. § 255(a), and they may contest willfulness, issues that do not arise for McBee's 2023-2024 employment.

Finally, Barlow's fourteen (14) months of hourly W-2 employment before the January 2023 reclassification, followed by flat biweekly pay, requires a regular-rate and overtime calculation different from McBee's (Kataev Decl. Exhibit 1 at 2, 6).

**B. Defendants' Defenses to McBee Are Unique to McBee**

Defendants attack McBee's individual coverage on grounds they expressly distinguished from Barlow: "[u]nlike the Complaint in Barlow, Plaintiff here appears to rely in part on website administration and digital communications" (McBee Docket Entry 9 at 5).

Defendants argue that McBee's own allegations demonstrate individualized issues inconsistent with collective treatment and ask that her collective and class allegations be stricken, an argument they did not make against Barlow (id. at 6).

McBee's retaliation claims will turn on her protected complaints, the March 10, 2024 lockout, causation, and retaliatory motive, issues governed by Kasten v. Saint-Gobain Performance Plastics Corp., 563 U.S. 1 (2011), and C.R.S. § 8-4-120, none of which is at issue in the Barlow Action.

McBee's damages depend on two agreed hourly rates and the treatment of unpaid straight-time wages under the CWCA, which requires a weighted-average or rate-by-task analysis under 29 C.F.R. § 778.115 that has no analogue in Barlow's salaried overtime claim.

Hagemann's assertion that KCC operated only eight to twelve hours per week will also be tested differently as to each Plaintiff, because McBee's development work was not confined to show nights while Barlow's on-site duties were (McBee Docket Entry 9-1 ¶ 10).

### C. The Genuinely Common Questions Are Narrow

The questions truly common to both actions, namely KCC's annual gross volume of sales, Hagemann's general authority, and the effect of KCC's dissolution, are threshold matters already presented in parallel motions before the same Court.

Even those questions are not identical, because enterprise coverage is measured year by year, and Barlow's claims reach back to 2021 and 2022 while McBee's are confined to 2023 and 2024, whereas Hagemann's declaration addresses only 2024 (McBee Docket Entry 9-1 ¶¶ 19-20).

Hagemann's employer status is likewise plaintiff-specific, because the economic-realities inquiry asks who controlled each worker, and the CDLE found that Barlow was supervised by Hagemann and Kurt Redeker, whereas no comparable record exists as to McBee (Kataev Decl. Exhibit 1 at 2).

Plaintiffs recognize that the CDLE found KCC converted all of its employees to contractors in January 2023 (id.), but McBee was hired after that date, so her classification turns on her own hiring terms rather than on the conversion of an existing W-2 employee.

Common questions of this kind can be resolved through coordinated discovery without combining two otherwise individualized cases. See Point V, *infra*.

## POINT III

## A CONSOLIDATED TRIAL WOULD CONFUSE THE JURY AND PREJUDICE EACH PLAINTIFF THROUGH EVIDENCE ADMISSIBLE ONLY AGAINST THE OTHER.

Evidence offered against Barlow regarding his managerial duties, his CDLE proceeding, and Defendants' accusations of misconduct would be inadmissible in McBee's case under Rules 401, 403, and 404 of the Federal Rules of Evidence, yet a joint jury would hear all of it.

The CDLE record illustrates the danger, because it contains a finding that, in February 2024, "other workers who were newer than the claimant were being paid their full amount," which Defendants could use to suggest that McBee, a newer worker, was paid in full, even though McBee was not a party to that proceeding and the finding concerns no one in particular (Kataev Decl. Exhibit 2 at 1).

Conversely, a jury that hears McBee's retaliation evidence may assume Barlow's departure was retaliatory or, if it rejects McBee's account, discount Barlow's distinct constructive-discharge theory; either way, the verdicts would rest on spillover rather than on each Plaintiff's proof.

Courts have long recognized that a jury in a consolidated trial may conclude that a defendant who wronged one plaintiff must have wronged another, or that a weakness in one claim infects all of them. See Malcolm v. Nat'l Gypsum Co., 995 F.2d 346, 350-52 (2d Cir. 1993); see also Johnson, 899 F.2d at 1285.

Limiting instructions are not an adequate cure where the jury must separate two overlapping narratives about the same employer during the same months. See Bruton v. United States, 391 U.S. 123, 135 (1968); see also Krulewitch v. United States, 336 U.S. 440, 453 (1949) (Jackson, J., concurring).

Evidence of an employer's treatment of other employees is not automatically relevant or admissible in an individual employee's case; its admissibility "depends on many factors," which is a case-by-case inquiry that consolidation would collapse. See Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 388 (2008).

The verdict form alone would require the jury to apply two coverage periods, two pay structures, two regular-rate methods, two sets of statutory claims, and a retaliation claim belonging to only one Plaintiff. The risk of confusion is therefore not theoretical, because Defendants have already noted that the two cases' facts were conflated in briefing (McBee Docket Entry 11 at 3 n.1). Plaintiffs acknowledge that McBee's response to the motion to dismiss inadvertently described her as a "General Manager"; she was a lead web developer and venue security, as pleaded (McBee Docket Entry 1 ¶ 21), and that error itself shows how readily the two Plaintiffs' facts can blur when presented together.

## POINT IV

## CONSOLIDATION WOULD BURDEN, RATHER THAN STREAMLINE, DISCOVERY AND CASE MANAGEMENT.

Each action requires discovery the other does not need: Barlow's case reaches back to August 2021 and involves witnesses such as Kurt Redeker, Jason Swab, and the CDLE record, while McBee's case centers on 2023-2024 website work, her pay communications, and the March 2024 lockout.

Consolidation risks treating two Plaintiffs with different claims as a single "side" for purposes of the presumptive limits of Rules 30(a)(2)(A)(i) and 33(a)(1), effectively halving each Plaintiff's discovery.

Each action is also a putative collective and class action whose representative must satisfy the similarly-situated inquiry on his or her own facts, see Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1102-03 (10th Cir. 2001), and Defendants have already argued that McBee's facts are individualized (McBee Docket Entry 9 at 6).

Consolidation now would also be premature, because the pending motions to dismiss are directed to different complaints and may narrow, reshape, or eliminate the very issues said to be common.

The principal efficiency the OSC identifies is already in place, because both actions are before the same District Judge and the same Magistrate Judge following reassignment under D.C.COLO.LCivR 40.1 (McBee Docket Entry 14).

**POINT V**

**ANY COORDINATION SHOULD BE LIMITED TO DISCOVERY ON GENUINELY COMMON ISSUES, AND EACH ACTION SHOULD OTHERWISE PROCEED AND BE TRIED SEPARATELY.**

Consistent with this Court's Uniform Civil Practice Standard 7.1A(a)(6), Plaintiffs do not request affirmative relief in this response, but state their position so that the Court has it before ruling.

If the Court concludes that some coordination is warranted "at minimum for matters of discovery," as the OSC contemplates, Plaintiffs would not object to an order that: (i) coordinates discovery on KCC's revenue, financial and payroll records, dissolution, and Hagemann's general role; (ii) permits documents and deposition testimony produced in one action to be used in the other; (iii) provides for a single deposition of Hagemann usable in both actions; and (iv) the cases proceed on the same discovery schedule, generally.

Plaintiffs respectfully submit that any such order should also provide that each action retains its separate docket, pleadings, motions, and judgment, consistent with Hall, 584 U.S. at 77; that the pending motions to dismiss be decided on their own records; that each Plaintiff retain the full presumptive discovery limits; and that no consolidated or amended pleading be required. Plaintiffs further submit that any question of a joint trial be deferred to the final pretrial conference and, in all events, that the actions be tried separately under Rule 42(b) to avoid prejudice and preserve each Plaintiff's right to a fair jury trial.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that good cause exists not to consolidate the Barlow Action and the McBee Action, and that any coordination should be limited to discovery on common issues as described above.

Dated: Jamaica, New York
October 30, 2026

Respectfully submitted,

**SAGE LEGAL LLC**

*/s/ Emanuel Kataev, Esq.*

Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiffs*
*Jeffrey Barlow and Nava McBee, respectively,*
*and all others*
*similarly situated*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing response complies with the formatting requirements of Civ. Practice Standard 10.1 and does not exceed the fifteen (15) page limitation of Civ. Practice Standard 10.1(c)(1), exclusive of the signature block and certificate of service.

## CERTIFICATION REGARDING USE OF GENERATIVE ARTIFICIAL INTELLIGENCE

Pursuant to Section C.2 of Judge S. Kato Crews' Standing Order for Civil Cases, I certify that portions of this filing were drafted with the assistance of generative artificial intelligence, and that I personally reviewed all such language for accuracy and verified that every citation to legal authority is to actual, non-fictitious authority and accurately states that authority.

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2026, I electronically filed the foregoing Plaintiffs' Response to Order to Show Cause Why These Actions Should Not Be Consolidated, together with the Declaration of Emanuel Kataev and its exhibits, in each of the above-captioned actions with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including the following:

Gregory R. Creer, Esq.
CREER LAW LLC
greg@creerlawoffice.com
Attorneys for Defendants

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.