# HEARING OFFICER'S DECISION

Social Security: xxx-xx-7936
Docket Number: 34970-2024
BYB Date: 5/12/2024
Dep Decision: 8/26/2024
Date of Appeal: 12/13/2024
Appellant: Employer
Employer No: 979934005

Colorado Department of Labor and Employment
Division of Unemployment Insurance, Appeals Branch
P.O. Box 8988, Denver, CO 80201-8988
303-318-9299 or 1-800-405-2338 Fax: 303-318-9248

**DATE MAILED: March 28, 2025**

JEFFREY BARLOW
JEFFREY BARLOW
2131 LAWRENCE ST APT 533
DENVER CO 80205-2896

KNEW CONSCIOUS COLLECTIVE INC
KNEW CONSCIOUS COLLECTIVE INC
NO CONTACT NAME GIVEN
1153 PORTLAND PL APT 2
BOULDER CO 80304-8220

**STATEMENT OF CASE:** Jeffrey Barlow, the claimant, appeared for this hearing and was represented by Emanuel Kataev. Knew Conscious Collective Inc, the employer, appeared for this hearing and was represented by Greg Creer. Appearing as witnesses on behalf of the employer were Leah Hagemann and Jason Swab. There were no other appearances for this hearing. The hearing was held on February 25, 2025 and completed on March 19, 2025, telephonically, before Hearing Officer Musselman.

The hearing officer entered one claimant exhibit into evidence. The hearing officer entered one Division exhibit into evidence. The hearing officer entered one employer exhibit into evidence.

The hearing officer held the hearing because the employer appealed a decision issued by a deputy of the Division of Unemployment Insurance. The deputy determined that the employer laid off the claimant due to lack of work and thereby granted a full award of unemployment benefits under Section 8-73-108(4)(a), C.R.S. The hearing officer must now establish, under Colorado law, whether the claimant is entitled to unemployment benefits, based on the cause of the separation from employment. The hearing officer modifies the deputy's decision as to the citation of law, but otherwise affirms the deputy's decision based on the findings and conclusion stated below.

The hearing officer held the hearing because the Division found that there was presumptive good cause for the appellant's failure to appear and late appeal pursuant to Regulation 12.1.3. The hearing officer must determine whether the appellant has shown good cause for the failure to appear and the late appeal pursuant to Regulation 12.1.8. The hearing officer determined that the employer showed good cause for the failure to appear and late appeal.

**FINDINGS OF FACT:** The claimant worked full-time as a venue manager for the employer, earning around $2,500 biweekly from August 16, 2021, until March 11, 2024. The claimant's supervisor was Kurt Redeker.

The claimant quit because the employer had not paid him a minimum of $5,576 in back wages.

The business started failing toward the end of 2023, and the employer was struggling to pay bills. In February 2024, the claimant was paid around $300 a week. However, other workers who were newer than the claimant were being paid their full amount. The claimant communicated his frustrations with the employer about his pay. The claimant was paid sporadically after, but by March 11, 2024, he was owed

a minimum of $5,576 in wages.

On March 11, 2024, the claimant emailed his employer to say he would stop working until he was paid a majority of the amount owed. The claimant effectively quit when the employer did not make further payments.

GOOD CAUSE FACTS

The Division issued a decision on August 19, 2024, but did not mail it. The Division then issued a redetermination on August 26, 2024, for which any appeal was due by September 16, 2024. The redetermination did not have the employer's mailing address printed on it. The employer appealed the redetermination on November 7, 2024, three weeks late. The original hearing in this matter was scheduled for December 2, 2024, at 10 am. The employer failed to check in for the hearing and it was dismissed. The Division then mailed the dismissal notice to the employer on December 1, 2024. The employer had 20 days to appeal that notice. The employer timely appealed on December 13, 2024.

The employer closed the business and vacated the building on April 25, 2024. The employer was inundated with notices from the Division and other mail dealing with the closure. Ms. Leah Hageman spoke with a Division representative around May 29, 2024, and was told she did not need to worry about issues from the claimant because he was a 1099 contractor. The employer was confused by further notices after that and contacted her counsel. The employer called the Division many times to understand the various notices she received and her duties for each. The employer appealed late and failed to appear for the above reasons.

**CONCLUSIONS OF LAW:** Regulation Concerning Employment Security 12.1.8 provides that in determining whether good cause has been shown for permitting an untimely action or excusing the failure to act as required, the division or the panel consider:

1. Whether the party acted in the manner that a reasonably prudent individual would have acted under the same or similar circumstances;

2. Whether there was administrative error by the division;

3. Whether the party exercised control over the untimely action, except that the acts and omissions of a party's authorized representative are considered the acts and omissions of the party and are not considered to be a factor outside the party's control as intended by this rule;

4. The length of time the action was untimely;

5.Whether any other interested party has been prejudiced by the failure to act or untimely action, "prejudiced," as used in this section, means that an interested party will be prevented from presenting or substantially hindered from presenting probative evidence in support of the interested party's position or in the ability to refute the position of the opposing party; and

6. Whether denying good cause would lead to a result that is inconsistent with the law.

7. Good cause cannot be established to accept or permit an untimely action or to excuse the failure to act, as required, that was caused by the party's failure to keep the division directly and promptly informed by a written, signed statement of their current and correct mailing address in person, by mail, by facsimile machine, or by other division-approved electronic means. This provision shall not apply if the party establishes that they reasonably believed that the division would not have any need for their new address under the circumstances.

8. A written decision concerning the existence of good cause need not contain findings of fact on every relevant factor, but the basis for the decision must be apparent from the order.

9. Unless otherwise provided by law, no act subject to this section shall be permitted more than 180 days beyond the applicable timely date.

Case No. 1:25-cv-03554-SKC-SBP Document 24-3 filed 10/30/26 USDC Colorado pg 3 of 5



Regulations Concerning Employment Security 11.2.13.1, provides that in the event the appealing party fails to participate in the hearing as directed, the appeal shall be dismissed, and the decision that was the subject of the appeal shall become final, unless the party establishes good cause for the failure to participate in the hearing as directed.

The hearing officer concluded that the employer presented good cause for failing to appear and for the late appeal. The hearing officer considered that there was administrative error by the Division on May 29, 2024, when the employer was given confusing instructions regarding these cases. The hearing officer considered that the claimant was not prejudiced by the failure to appear for late appeal. The hearing officer considered that denying good cause would lead to a result inconsistent with the law to allow the parties, employer included, due process and a fair hearing. The hearing officer concluded that the employer presented good cause for the failure to appear and late appeal.

The Colorado Employment Security Act Section 8-73-108(4)(d) C.R.S., provides that a worker is entitled to unemployment insurance benefits from this employer if that worker separates from employment because of a substantial change in the worker's working conditions, and the change is substantially less favorable to the worker. Requiring a worker to work a different shift shall not be considered a substantial change in working conditions unless it would be a violation of seniority rights which entitle the worker to shift preferential. The worker has the burden of proving seniority rights.

No change in working conditions shall be considered substantial if the conditions prevailing after the change are those generally prevailing for other workers performing the same or similar work. Whether a change in working conditions constitutes a substantial change, and whether the substantial change is substantially less favorable to the worker, must be judged by an objective standard rather than by the worker's subjective outlook. *Wargon v. ICAO,* 787 P.2d 688 (Colo. App. 1990).

Under an objective standard, the worker must establish the change in working conditions is substantial, and is substantially less favorable to a reasonable employee in the worker's position. A worker may acquiesce to changes, thereby establishing new standard working conditions that could bar benefits if the worker quits because of dissatisfaction with standard working conditions or regularly assigned duties. *Jennings v. Industrial Comm'n,* 787 P.2d 515 (Colo. App. 1984).

The hearing officer concluded that the claimant quit because the employer had not paid him a minimum of $5,576 in back wages. The hearing officer determined that the claimant quit because of a substantial change that was substantially less favorable to him. The hearing officer considered that the claimant stopped being paid sometime around the first of the year 2024. The hearing officer determined that the claimant had not been paid a minimum of $5,576. The hearing officer considered that other newer workers were being paid their full amount and the conditions were not generally prevailing for other workers performing the same or similar work. The hearing officer considered that the change in working conditions was substantial and would have been substantially less favorable to a reasonable employee in the worker's position. The hearing officer determined that the change was substantial and substantially less favorable to the claimant under an objective standard. The hearing officer concluded that the claimant quit because of a substantial change that was substantially less favorable to him, and he is entitled to unemployment benefits for the separation from this employment.

**This hearing assumes the claimant was an employee. However, the hearing officer has made no determination as to whether the claimant was an employee or a contractor with regard to case # 34973-2024.**

**DECISION:** The hearing officer determines that the claimant is entitled to benefits for the separation from this employment. The Division awards benefits under Section 8-73-108(4)(d), C.R.S.

The hearing officer modifies the deputy's decision as to the citation of law, but otherwise affirms the deputy's decision.

El intermediario de audiencias afirmó la decisión y los beneficios serán permitidos.

Case No. 1:25-cv-03554-SKC-SBP Document 24-3 filed 10/30/26 USDC Colorado pg 4 of 5



The hearing officer determined that the employer has shown good cause for the failure to appear and late appeal.

***Attention: This decision is final unless you appeal it within 20 calendar days from the date this decision was mailed, as instructed below.*** If this decision disqualifies you from receiving unemployment insurance benefits, you will not receive any unemployment benefits based on wages paid by this employer on this or any future claim. However, you might receive one week of benefits if this employer is your only base period employer. If this is not your only base period employer, decisions on separations from any other base period employers will affect the amount of benefits, if any, that are available to you.

If this decision disqualifies you from receiving benefits from your last employer before filing the initial or additional claim in this benefit year, you will not be paid any benefits you might be entitled to from any other employers until 10 weeks after the date of filing the initial or additional claim.

If this decision reverses a previous award of benefits, you may be liable to repay those benefits.

Si esta decisión revoca fallos previos de beneficios, usted podría ser responsable de reembolsar esos beneficios.

Hearing Officer MUSSELMAN

Appeals Hearing Officer

**IMPORTANT:** This document(s) contains important information about your unemployment compensation rights, responsibilities and/or benefits. It is critical that you understand the information in this document. If needed, call (303) 318-9299; 1-800-405-2338 for assistance in the translation and understanding of the information in the document(s) you have received.

If this decision reverses a previous award of benefits, you may be liable to repay those benefits. If you have not continued to request payment on MyUI+, your claim has shut down. You must call the Customer Call Center at 303-318-9000 or 303-536-5615 to reopen your claim.

**¡IMPORTANTE!** Este documento(s) contiene información importante sobre sus derechos, obligaciones y/o beneficios de compensación por desempleo. Es muy importante que usted entienda la información contenida en este documento. Si necesita asistencia para traducir y entender la información contenida en el documento(s) que recibió, llame al 303-318-9333; 1-866-422-0402.

## APPEAL RIGHTS

An interested party may appeal this decision. The written appeal must be received by the Industrial Claim Appeals Office (ICAO) ***within 20 calendar days*** from the date the decision was mailed. If the 20th calendar day falls on a Saturday, Sunday or legal holiday, the due date is the next business day. Appeals will be accepted after 20 calendar days only if good cause is shown for the late appeal. If a timely appeal is filed, each interested party will receive an *audio copy* of the recorded hearing testimony at no cost. Parties requesting a *written transcript* for the appeal must submit payment for the approximate cost of the transcript or a completed waiver request form with the appeal. The approximate cost of the transcript of this hearing is $164.50. The waiver form is available at https://cdle.colorado.gov/faqs.

If you wish to request a new hearing *because you failed to participate in the hearing*, you may submit a written request for a new hearing. Your written request must be received by the ICAO within twenty (20) calendar days from the date this decision was mailed in order to be considered timely. If you fail to appear for the new hearing, no additional hearings will be granted and the appealed decision will become final.

Case No. 1:25-cv-03554-SKC-SBP Document 24-3 filed 10/30/25 USDC Colorado pg 5 of 5



If you appeal late or are requesting a new hearing because you did not participate in the original hearing, you must include, in your appeal, a detailed explanation of why you appealed late or did not attend the original hearing. If you do not include such a statement, the panel may request such a statement and may require you to respond within 10 calendar days.

You can file your appeal and/or new hearing request to ICAO at https://cdle.colorado.gov/appeal-a-hearing-officers-decision. You can also mail, email, or fax your appeal. ICAO, Mailing Address: PO Box 18291, Denver, Colorado 80218-0291. Phone: (303) 318-8133, Fax: (303) 318-8139, e-mail: cdle_icao@state.co.us.

## DERECHOS DE APELACION

La parte interesada puede apelar a esta decisión. La apelación escrita deberá de ser recibida por la Oficina Industria de Apelaciones de Reclamo (ICAO) (por sus en siglas en Ingles) Dentro de 20 días del calendario a partir de la fecha en que la decisión fue mandada por correo. Si el día 20 del calendario queda en sábado, domingo o en un día feriado legal, la fecha limite será el siguiente día activo de trabajo. Apelaciones serán aceptadas después de 20 días del calendario solo si se demuestra una causa justificada por la apelación tardía.

Si una apelación es sometida a tiempo, cada parte interesada recibirá una copia audio de la grabación del testimonio, sin costo. Las partes que soliciten un transcripto deberán someter el pago por el costo aproximado del transcripto o llenar una forma de petición de excepción de pago junto con su apelación. El costo aproximado del trascripto de esta audiencia es $164.50. La forma de excepción esta disponible en at https://cdle.colorado.gov/faqs.

Si usted desea solicitar una nueva audiencia debido a que fallo en presentarse en la audiencia, usted puede someter una forma escrita para solicitar una nueva audiencia. Su solicitud escrita deberá ser recibida por la Oficina Industria de Apelaciones de Reclamo (ICAO) (por sus en siglas en Ingles) Dentro de 20 días del calendario a partir de la fecha en que la decisión fue mandada por correo para que pueda ser considerada puntual.

Si usted falla en aparecer para la nueva audiencia, no se le otorgada alguna otra audiencia. Y la decisión apelada será irrevocable. Si usted esta apelando fuera de tiempo, o solicitando una nueva audiencia debido a que no participo en la audiencia original. Usted deberá de incluir en su apelación. Una explicación detallada del porque está apelando tarde, o porque no asistió a la audiencia original. Si usted no incluye esta declaración, el panel podría requerir esta declaración y podría requerir que usted responda dentro de 10 días del calendario.

Someta las apelaciones y solicitudes directamente a la Oficina Industria de Apelaciones de Reclamo (ICAO) (por sus en siglas en Ingles). usted también podría enviar un correo electrónico o mandar su apelación vía fax. Formas de solicitud para una nueva audiencia están disponibles en https://cdle.colorado.gov/appeal-a-hearing-officers-decision. Por favor solo elija un método para someter su solicitud. El número telefónico para la Oficina Industria de Apelaciones de Reclamo (ICAO) (por sus en siglas en Ingles) es: (303) 318-8133, fax (303) 318-8139, correo electrónico. cdle_icao@state.co.us.

Mailed, postage prepaid, to the parties named herein this 28th day of March, 2025.

INTERESTED PARTIES

---

**CCs:**

---

KNEW CONSCIOUS COLLECTIVE INC
1153 PORTLAND PL APT 2
BOULDER, CO 80304-8220

---